Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
**DONIGER LAW FIRM APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Email:  stephen@donigerlawfirm.com
Email:  scott@donigerlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORP.; et al., <br><br> Defendants. | Case No.: CV06-5179 RSWL (JCx) <br> <u>Honorable Ronald S. W. Lew Presiding</u> <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION; DECLARATION OF SCOTT A. BURROUGHS, ESQ. ; DECLARATION OF MOON G. JUNG** <br><br> Date:  April 9, 2008 <br> Time:  9:00 a.m. <br> Courtroom:  21-Spring Street |

### I. <u>PLAINTIFF'S MOTION MUST BE GRANTED BECAUSE DEFENDANTS' OPPOSITION FAILS TO CREATE ANY TRIABLE ISSUE OF FACT</u>

Defendants' Opposition to the instant Motion failed to create any issue as to either the validity of Plaintiff's ownership of the design at issue ("Subject Design"), defendant Unicolors, Inc.'s access to the Subject Design, or the substantial similarity between the Subject Design and the infringing design used on the garments at issue. As such, Plaintiff has carried the burden necessary for this Motion to be granted.

1
REPLY IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

In addition, no evidence whatsoever has been introduced to refute any of the elements of Plaintiff's claims. A party opposing a Motion of this type must introduce "sufficient" and "specific" facts to rebut Plaintiff's claims that no triable issue exists. Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1222 (9th Cir. 1995). In opposition to the instant Motion, Defendants, at best, claim that no evidence exists to support elements of Plaintiff's claim. This is done (a) when compelling evidence so exists, and (b) when Defendants are in a position such that they should be introducing evidence to refute Plaintiff's claims, not simply state that none exists to the contrary.[1] This showing fails because it must be substantive, and a "scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu v. Fred Meyer, Inc. 198 F. 3d 1130, 1134 (9th Cir. 2000). As such, Defendants have failed to establish that any genuine issues exist, and this Motion must be granted.

**A.   All Evidence on Record Indicates that Plaintiff Owns the Subject Design.**

Defendants' naked assertion that an issue exists in regard to the ownership of the Subject Design is without merit; especially given that Defendants bear the burden of refuting the prima facie presumption of ownership afforded to Plaintiff by virtue of its United States copyright registration in the Subject Design. Entm't Research Group, V. Genesis Creative Group, 122 F. 3d 1211, 1217 (9th Cir. 1997) (citing Masquerade Novelty, Inc. v. Unique Indus., Inc. 912, F.2d 663, 668 (3rd Cir. 1990). Defendants have failed to proffer any evidence whatsoever to rebut this presumption, instead attempting to mislead the Court by referencing perceived, and irrelevant,

---

[1] To wit, at 8:22 of Defendants' Opposition, they state that because no evidence exists as to when Plaintiff published the Subject Design, a "question of fact arises" as to which design was "published first." This is false because (a) Plaintiff provided invoices showing its publishing of the Subject Design and (b) no Declaration, copyright registration, or other evidence is proffered to refute Plaintiff's statements and evidence in support of its publishing of the Subject Design. Due to this lack of contradicting evidence, no triable issue exists, and this Motion must be granted.

technical errors allegedly made when Plaintiff filled out the registration form in 2003.

While it is disputable that the "errors" referenced by Defendants are even errors at all[2]; assuming, arguendo, that they are, it is well-settled law in the 9th Circuit that technical errors in a registration will not invalidate a registration. The law in the Ninth Circuit is clear that, absent evidence of fraud on the Copyright Office, a copyright will not be invalidated for an error or misstatement in the copyright registration application. See Melville B. Nimmer, 3 Nimmer on Copyright § 7.20[B], (citing Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1145 (9th Cir. 2003); Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc. 777 F.2d 485, 487 (9th Cir. 1985)) ("Simply stated, a misstatement or clerical error in the registration application, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action"); See also Urantia Foundation v. Maaherra, 114 F.3d 955, 963 (9th Cir. 1997)("The case law is overwhelming that inadvertent mistakes on registration certificates do not invalidate the copyright and thus do not bar infringement actions unless the alleged infringer has relied to its detriment on the mistake.")

Defendants point to perceived defects with the registration, but fail to make any allegations of detrimental reliance, or any allegations that the Copyright Office would have, or should have, denied the registration for the Subject Design.  As such, they categorically fail to create any triable issue of fact as to Plaintiff's ownership of the design. Id. ("Plaintiff's failure to inform the copyright office of given facts is *without substance* to the extent that the Office would have registered the subject work even had it known those facts.")(emphasis added), citing Russ Berry & Co. v. Jerry Elsner Co., 482 F.Supp. 980 (S.D.N.Y. 1980); Masquerade Novelty, Inc. 912 F.2d at 667; Service & Training, Inc. v. Data Gen. Corp., 963 F.2d 680, 688-89 (4th

---

[2] It is not required to complete all sections of a copyright registration application. To wit, the Copyright Office instruction in regard to Section 8 states, "*If* this application gives a date of publication in space 3 […]," (emphasis added), which necessarily implies that completion of said section is voluntary.

Cir., 1992); Donald Frederick Evans & Assoc. v. Continental Homes, Inc., 785 F.2d 897, 904 (11th Cir. 1986); Eckes v. Card Prices Update, 736 F.2d 859 (2nd Cir. 1984).

Defendants have not made these allegations because no detrimental reliance on the "errors" ever existed, and even if Plaintiff had filled-out the copyright registration as requested by Defendants, the same exact registration would have issued. An accused infringer can only rebut Plaintiff's presumption by offering evidence that raises "serious questions" about the validity of the copyright. Entm't Research Group, 122 F.3d 1218.

Defendants' burden in rebutting the validity presumption depends on the element of ownership at issue; "[w]here, for example, the issue is whether the copyrighted article is 'original,' the presumption will not be overcome unless the defendant offers proof that the Plaintiff's product was copied from other works or similarly probative evidence as to originality." Masquerade Novelty, Inc., 912 F. 2d at 668. As no serious questions have been raised as to the validity of the copyright, Plaintiff has conclusively established its ownership of the Subject Design.

It does not appear that Defendants dispute that the design has been published, nor could they, given that "publishing" occurs upon sale and Plaintiff made dozens of sales of goods bearing the Subject Design, including sales to Unicolors [See Plaintiff's Motion, Exhibit Six – Invoice for Unicolors Purchase of Product Bearing Subject Design]. For this same reason, there is also no dispute that the Subject Design was published in the United States. As the only requirement for publishing of a work is that it be published within five (5) years of the registration, there cannot possibly be a dispute as to this issue. 17 U.S.C. § 410(c). The documents evidencing Plaintiff's sales of product bearing the Subject Design, which sales constitute publishing, conclusively establishes that Plaintiff published the work prior to the infringement. In addition, Plaintiff attaches as Exhibit Two, documents showing additional sales of product bearing the Subject Design. Given this evidence of the

sales, and publishing of the Subject Design, and the lack of any prior publishing by Defendants, summary judgment is appropriate.

The Documents attached as Exhibit Two are produced to refute the novel claim by Defendants that these documents do not exist and that Plaintiff did not "publish" the Subject Design. This claim is novel because these documents were duly provided in discovery and have never been challenged by Defendants. However, as a review of Exhibit Two reveals, this claim is false.

In addition, Defendants statement that the copyright registration "does not identify the author of the "Subject Design" not only does not create a dispute as to a material issue, but is downright false. A review of the certificate reveals that the author of the work is L.A. Printex, the Plaintiff in this action. Defendants do not contest the black-letter law that a corporation can be an author of a work, when that work was created by its employees.

Next, Defendants make the incomprehensible argument that Plaintiff's application is somehow deficient because Section 2b of the certificate is blank. This section is to be completed when more than one person or entity is claiming authorship in a work. No such claim is being made here, or is being alleged by Defendants. Thus, Defendants are either attempting to confuse this Court in bad faith, or are confused about the proper completion of a Copyright application.

Finally, Defendants indicate that because the registration does not indicate on whose "authority" it was signed, it is somehow deficient. No authority is cited for this claim, because it is not a ground on which a registration may be invalidated. There is simply no dispute as to the validity of the registration, and, resultantly, there is no dispute as to Plaintiff's ownership of the Subject Design.

In sum, Defendants have not produced even a scintilla of evidence that the design is not original, or is unable, for any reason, to be protected by copyright. Its only evidence is that it purchased fabric bearing the infringing design at a date **after**

Plaintiff published the Subject Design and **<u>after</u>** Plaintiff sold thousands of yards of fabric bearing the Subject Design to Unicolors. At the date of Unicolors purchase from the overseas vendor, it had had Plaintiff's design in its possession for <u>over a year</u>. Also, as indicated above, there is no Declaration from anyone at the overseas vendor, Dorim Corporation ("Dorim"), or any other evidence that it created or purchased rights in the design <u>prior</u> to Plaintiff's creation.

The only evidence on record is that Plaintiff created the Subject Design in 2003 and began publishing it, at the very latest, in early 2004. As conceded by Defendants, its transaction with Dorim whereby they allegedly "received" the fabric with the infringing design, was not until May of 2005. This is the first evidence of any such sale of the design by Dorim. As such, the only evidence is that Plaintiff created and published the Subject Design over a year prior to the purchase of product bearing the infringing design from Dorim. There is no triable issue of fact on this point.

Based on the evidence presented, a jury could only reasonably conclude that Unicolors accessed Plaintiff's design, altered it, and asked Dorim to print fabric bearing this altered design. As such, there would be no sales by Dorim of fabric bearing the infringing design prior to the Unicolors transaction and it is clear, from the record, that Plaintiff's ownership of the Subject Design is beyond dispute.

Claiming that minor errors or omissions in a copyright registration certificate somehow defeats the certificate without citing any authority in support of these claims (because all authority is in direct contradiction to these claims) does not create a dispute sufficient to deny Plaintiff's Motion. Defendants have presented no evidence that Dorim Corporation, or anyone else, is the true owner of the Subject Design (or even claims prior use), that the Subject Design is not original, or that Plaintiff should not be entitled to protection in the Subject Design. The best they can do is to palely state that "it cannot be determined if LAP copied Dorim Corporation's

Design […]" (Def. Opp. at 8:24-25). This does not come close to meeting the substantive and specific evidentiary standard necessary to rebut Plaintiff's claims in regard to this Motion. As such, it must be granted.

**B.     It Has Been Conclusively Established that Unicolors, Inc. had Access to the Subject Design.**

Plaintiff has proven, in satisfaction of the summary judgment standard, that Unicolors, Inc. ("Unicolors") had access to the Subject Design. Initially, Plaintiff has produced an invoice for sales of fabric bearing the Subject Design to Unicolors. [See Exhibit Six to Plaintiff's Motion - Invoice for Unicolors Purchase of Product Bearing Subject Design]. No evidence contradicting this purchase has been proffered by Defendants. The Declaration of the owner of Unicolors, Mr. Pazirandeh, does not dispute that (a) the invoice was issued in connection with Unicolors purchase of fabric printed with LAP's design E50082, which is the Subject Design, (b) that Unicolors purchased and received the printed fabric referenced therein, or (c) that it purchased and received this printed fabric over a year before it bought fabric bearing a slightly modified version of the Subject Design from an overseas vendor (a vendor which would not require a certification of copyright ownership for a design).

The only issue it disputes is whether Unicolors received "samples" (which are small pieces of fabric bearing a copy of the design). This dispute is of no import given that the evidence on record shows a purchase of much more than samples. What the evidence shows is a purchase of actual product bearing the Subject Design, and there is no evidence or testimony to the contrary. From this it is clear that Unicolors accessed the Subject Design when it received thousands of yards of fabric bearing said.

Moreover, even if Plaintiff couldn't show direct access by Unicolors to the Subject Design, it could establish that it widely disseminated the design, especially to the local market (in which Unicolors participates). Plaintiff has sampled the Subject

Design to many companies in the local and national markets and has made sales of product bearing the Subject Design to numerous others. [See Exhibit B – Plaintiff's Sales of Product Bearing Subject Design]. Unicolors, which has its facility a mere couple of blocks from Plaintiff's facility, could easily have accessed the Subject Design through one of these intermediaries. Of course, with unrebutted proof that Unicolors purchased fabric bearing the Subject Design from Plaintiff, this second analysis should be unnecessary.

Even if access wasn't established by Unicolors direct purchase of product bearing the Subject Design by Plaintiff, or the wide dissemination thereof, it is beyond dispute that Unicolors engaged in transactions with Dorim that included an illegally modified version of the Subject Design. A simple comparison of the two designs removes any possibility that the two designs were independently created. Also, notably, no declarations regarding creation or ownership by this overseas vendor have been produced, and no hard evidence of independent creation or ownership has been adduced. This is the case because no such testimony or evidence exists, as the design on the garments is, simply put, a rip-off of the Subject Design.

Finally, if two designs are so similar that it is impossible the infringing design was independently created, access may be assumed and infringement may be found on summary judgment. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000), cert. denied, 531 U.S. 1126 (2000). The similarity between the works will satisfy this test if the works involved are sufficiently unique so as to make it "unlikely" that the designs were independently created. Selle v. Gibb, 741 F.2d 896, 903 (7th Cir. 1984) In this case, a comparison of the two designs reveals a number of near-identical elements, with a few small flourishes added to the infringing design in a transparent attempt to evade detection for copyright infringement. The Unicolors design is clearly a misappropriation. This Motion must be granted.

**C.     Plaintiff Has Established the Requisite Substantial Similarity to Support the Granting of This Motion.**

Plaintiff has conclusively established that the design on the infringing garments is, at the very least, substantially similar to Plaintiff's design. In reviewing textile designs, if an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work, then that constitutes substantial similarity." Lida v. Texollini, 768 F. Supp. 439 (S.D.N.Y. 1991), 1991 U.S. Dist. LEXIS 9680 **8, (citing Novelty Textile Mills, Inc., v. Joan Fabrics Corp., 558 F.2d 1090, 1093, 195 U.S.P.Q. (BNA) 1 (2nd Cir. 1977), (quoting Ideal Toy Corp. v. Fab-Lu, Ltd., 360 F.2d 1021, 1022, 149 U.S.P.Q. (BNA) 800 (2d Cir.1966)). Clearly, given the striking similarity between the two works at issue, this standard of review can support only a finding of substantial similarity.

In addition, when comparing two works of visual art, the Court "looks to the similarity of the objective details in appearance" Cavalier v. Random House, 297 F.3d 815, 824 (9th Cir. 2002), citing McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 319 (9th Cir. 1987); which quotes Litchfield 736 F.2d at $1356^{3}$. The objective details of each of the works, as compared in Exhibit Five to the Plaintiff's Motion, also provide compelling evidence that justiciable similarity has been established.

In contrast, Defendants offer no evidence to rebut what will certainly be obvious to this Court - that the total look and feel of the designs are similar, certain elements of the designs are identical, and the minor alterations to the infringing design are clearly attempts to doctor the Subject Design to evade liability for infringement.

Defendants' substantial similarity analysis does not address the merits of this comparison, but instead inexplicably argues that Ms. Choi, an employee of L.A.

---

[3] "In Litchfield we stated that the similarity of ideas prong may be shown by focusing on the similarities in the objective details of the works. Concluding that the [graphic designs on the plates] are 'confusing similar in appearance' is tantamount to finding substantial similarities in the objective details of the [graphic designs on the plates]." Id.

Printex, could not have created the Subject Design because "he [sic] is not designated as such in LAP's Certificate of Registration." [Defendants' Opposition, at 11:21-22]. This argument, besides being false, is without import because it is clear from the certificate that L.A. Printex is designated as the author, which is proper since the Subject Design was created by an L.A. Printex employee.

Defendants then attempt to manufacture confusion in regard to whether or not Plaintiff's Exhibit Four is an actual copy of the Target garment, as it indicates in the instant Motion and the Declarations supporting said. Of course, they do not state that the garment in Plaintiff's Exhibit Four is not the Target garment, and don't do so because they can't do so without engaging in additional mis-statements and perjury. Exhibit Four simply is the Target garment, and Defendants challenge as to this fact appears to be nothing more than a function of a want of actual dispute.

While the Opposition is long on misguided arguments about technical and procedural defects with Plaintiff's submission of substantial evidence of infringement, it is short on analysis in regard to substantial similarity. In fact, there is no argument that the designs are not substantially similar. Indeed, even Unicolors owner and person most knowledgeable regarding designs testified at deposition that the infringing design "looks very similar" to the Subject Design. [See Exhibit C, Deposition of Pazirandeh 95:10] This individual further testified that if he knew the Subject Design was owned by another company, and one of his designers approached him with the Dorim design, he "would absolutely drop this one and get a new design." [[4]See Exhibit C, Deposition of Pazirandeh 95:19-20].

---

[4] Plaintiff is aware that Pazirandeh has tacked a paragraph on to the end of the Declaration in which he states that, for unexplained reasons, he now finds the designs "totally different." This statement is self-serving and clearly contradicted by all evidence on record. It is black-letter law that Courts can disregard Declarations submitted at the summary judgment stage if said Declarations are self-serving and lack facial veracity. Stitt v. Williams, 919 F.2d 516, 523-524 (9th Cir. 1990)(disregarding a submitted Declaration that was "highly improbable, given the factual

The owner of Unicolors has conceded that substantial similarity exists. This concession, in conjunction with the lower standard of similarity required in situations of strong access (which applies here), and the striking similarity between the two designs, removes any doubt that Plaintiff has established this element of its claim. Three Boys Music Corp., 212 F.3d at 485.

### D. Plaintiff Has Established Willfulness as to Defendants Unicolors and Target Corp.

Defendants Unicolors and Target were each willful in their infringement of the Subject Design. Plaintiff has met its burdening in showing access and knowing misappropriatoin by Unicolors, as well as showing notice to, and continued sales by, Target. All evidence supports a finding of willfulness as to these parties. No evidence has been produced in contravention of these assertions and evidence.

---

context). If a statement is clearly implausible and made only for self-serving purposes, this party must come forward "with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Id. The Court can also preclude the admission of Declarations when they are contradicted by other forms of undisputed evidence. Kennedy v. Applause, Inc. 90 F.3d 1477, 1481 (9th Cir. 1996); See also Southern Pacific Co. v. Matthews, 335 F.2d 924 (5th Cir.1964) (reversing judgment because it was supported only by his self-serving testimony which was contradicted by other testimony and evidence), cert. denied, 379 U.S. 970, 85 S. Ct. 668, 13 L. Ed. 2d 562 (1965). Finally, **"a court may disregard a 'sham' affidavit that a party files to create an issue of fact by contradicting the party's prior deposition testimony."** (emphasis added) Leslie v. Grupo ICA, 198 F.3d 1152, 1157 (9th Cir. 1999), citing Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) ("[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."). As such, to the extent the Declaration creates any issue of fact, which it can't because it reflects only the opinion of an interested party, it should be disregarded.

As set in the moving papers, and above, Unicolors purchased thousands of yards of fabric bearing the Subject Design from Plaintiff, and then, after making slight modifications to hide its piracy, it knocked off the fabric in Korea. This is clear-cut willful infringement.

Similarly, Target has not disputed that it sold infringing garments beyond receipt of the cease and desist demand. It has not even disputed, by Declaration or other evidence, that it received the cease and desist demand (which Plaintiff has declared was sent on the date of the letter, which letter was attached as an Exhibit to Plaintiff's Motion). Its only allegation was that the certified mail receipt was not attached as an Exhibit. It was not attached because there was no dispute as to whether or not the letter was received.

While Target has declined to submit testimony that it did not receive the cease and desist demand, counsel for Target, however, has submitted a false Declaration denying "that such a letter was ever received by Target" [See Decl. of Garcia ¶9]. This Declaration is false because Plaintiff has submitted for this Court's review the cease and desist demand, as well as a Declaration from a Plaintiff representative attesting that the letter was sent to Target. No Declaration to the contrary has been provided by Target. Now, in response to the assertions that the letter was not received by Target, and as further evidence that the letter was sent, Plaintiff has attached hereto as Exhibit A a true and correct copy of the certified mail receipt for the cease and desist demand sent to Target in connection with the transactions at issue in this case. Target, despite receiving this letter, refused to cease and desist in its sales of the infringing garments. This renders Target willful.

Finally, Defendants attempt to create an issue in regard to Exhibit Six, which depicts evidence that Target continued to sell infringing garments for months after being put on notice that such sales constituted infringement. Initially, it is not "blank" as claimed in the Opposition. It shows that the period of sales continued until March

2006, three months after the cease and desist was issued. Second, the remainder of the document has been redacted under a protective order, but Plaintiff is willing and ready to submit the un-redacted document for an in-camera review (if necessary).

## II.   ALL PARTIES WHICH HAVE PURCHASED, SOLD, & DISTRIBUTED INFRINGING GARMENTS ARE LIABLE FOR SUCH PURCHASE, SALES & DISTRIBUTION

Given that Plaintiff has established that the Unicolors fabric was illegally created, all parties that trafficked in goods created from this fabric are liable for copyright infringement under 17 U.S.C. 501(b) due to their violation of Plaintiff's rights through their respective importation, purchase, sale, and distribution of the infringing goods. As such, Plaintiff requests that liability for copyright infringement against all parties be entered in connection with this Motion.

## III.   PLAINTIFF HAS ESTABLISHED THAT NO GENUINE MATERIAL DISPUTE EXISTS; THUS, THIS MOTION MUST BE GRANTED

As established by Plaintiff's moving papers, the foregoing, and all other documents and evidence on file in this action, no triable issue of material fact exists and this matter is suitable for summary adjudication. As such, Plaintiff requests that this Court GRANT its Motion and enter summary judgment as to the liability of all defendants, and enter summary judgment as to a finding of willfulness as to Unicolors, Inc. and Target Corp.

          Respectfully submitted,

Dated: April 2, 2008          By: /S/ Scott A. Burroughs
          Scott A. Burroughs, Esq.
          DONIGER LAW FIRM APC
          Attorneys for Plaintiff

## DECLARATION OF SCOTT A. BURROUGHS, ESQ.

I, Scott A. Burroughs, Esq., declare, and state that if called as a witness I could and would competently testify as follows:

1. I am a shareholder in the DONIGER LAW FIRM, APC, attorneys for Plaintiff in this action.

2. I have attached hereto as Exhibit A a true and correct copy of the certified mail receipt for the cease and desist letter sent by Plaintiff to Target in connection with Target's sales of garments which infringe the Subject Design.

3. I have attached hereto as Exhibit B a true and correct copy of records reflecting Plaintiff's sales of product bearing the Subject Design. These sales constitute publishing under the Copyright Act.

4. I have attached hereto as Exhibit C true and correct pages from the Deposition of Nader Pazirandeh, which I personally conducted on January 30, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2nd Day of April, at Culver City, California.

By: /S/ Scott A. Burroughs
SCOTT A. BURROUGHS
Declarant

## **DECLARATION OF MOON G. JUNG**

I, Moon G. Jung declare, and state that if called as a witness I could and would competently testify as follows:

1. I am an officer of L.A. Printex Industries, Inc. ("LAP") and am the custodian of LAP's files and records. I am personally familiar with the way LAP's business files and records are created, compiled, kept and archived. All matters contained herein are based upon my personal knowledge and experience or my personal review of LAP files and records. I certify and declare that each document attested to, or discussed, herein, each of which is hereby incorporated by reference, was removed from LAP records at my instruction and copied by me, or at my direction, and that each copy is a true and correct copy of the original as maintained and archived at the LAP facility.

2. The LAP files and records discussed, attested to, or referenced, herein are files and records that were created and maintained in the regular course of LAP business, at or near the time of such creation and maintenance, by individuals at LAP with knowledge of said files and records who had a duty to create and compile such files and records. I am personally familiar with said files and records and can thereupon certify and attest to their completeness and accuracy.

3. Based on my personal knowledge of LAP's files and records, Exhibit One to Plaintiff's Motion for Summary Adjudication is a true and correct copy of LAP's Design E50082 ("Subject Design"), which I understand to be the Design at issue in this case.

4. Based on my personal knowledge of LAP's files and records, Exhibit Two to Plaintiff's Motion for Summary Adjudication is a true and correct copy of the Copyright Registration for the Subject Design.

5. Based on my personal knowledge of LAP's files and records, Exhibit Three to Plaintiff's Motion for Summary Adjudication is a true and correct copy of LAP

Invoice No. 7132, which reflects a purchase by Unicolors, Inc. of $12,890.15 worth of printing of the Subject Design on fabric. It clearly reflects that Unicolors, Inc. received fabric bearing the Subject Design.

6. Based on my personal knowledge of LAP's files and records, Exhibit Four to Plaintiff's Motion for Summary Adjudication is a true and correct copy of a garment found by LAP's investigators at a Target retail store.

7. Based on my personal knowledge of LAP's files and records, Exhibit A to Plaintiff's Reply in Support of its Motion for Summary Adjudication is a true and correct copy of the certified receipt for the cease and desist letter sent by Plaintiff to Target in connection with Target's sales of garments which infringe the Subject Design.

8. Based on my personal knowledge of LAP's files and records, Exhibit B to Plaintiff's Reply in Support of its Motion for Summary Adjudication is a true and correct copy of records reflecting Plaintiff's sales of product bearing the Subject Design. These sales constitute publishing under the Copyright Act.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2nd Day of April, at Vernon, California.

By:_____
MOON G. JUNG
Declarant