Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
**DONIGER LAW FIRM APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
email: stephen@donigerlawfirm.com
email: scott@donigerlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORP.; et al.,<br><br>Defendants. | Case No. CV06-5179 RSWL (JCx)<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO L.R. 16-4**<br><br>Pretrial Conference: June 13, 2008<br>Trial Date: July 1, 2008 |

I.   CLAIMS AND DEFENSES

Plaintiff intends to pursue the following claims:

A.   <u>Liability on Plaintiff's Claims Has Been Established.</u>

Plaintiff's claims for copyright infringement against Target Corp.("Target"), Topson Downs of California, Inc.("Topson") and Unicolors, Inc. ("Unicolors") (collectively "Defendants") were sustained on summary judgment. Plaintiff's claim for willfulness as to Unicolors, was also sustained by the Court on summary

1  judgment. Plaintiff now pursues a finding of willfulness as to the other Defendants
2  and intends to prove up and establish its damages and recoverable profits.
3         B.      Plaintiff Will Seek Statutory Damages Against Unicolors; Prove
4                 Willfulness as to Target.
5         Plaintiff is entitled to the maximum statutory willful infringement award
6  against Unicolors. In a case where the copyright owner sustains the burden of
7  proving, and the court finds, that infringement was committed willfully, the court in
8  its discretion may increase the award of statutory damages to a sum of $150,000.
9  17 U.S.C. 504(c)(1).  Copyright infringement is "willful" if it is shown that one has
10 committed the infringement "with knowledge that [one's] conduct constitutes copy-
11 right infringement." Columbia Pictures Television v. Krypton Broadcasting of
12 Birmingham, Inc., 106 F.3d 284,293 (9th Cir. 1997), rev'd on other grounds. The
13 Court has conclusively found in the summary judgment stage that Unicolors was
14 willful in its infringement. The Court found that Unicolors had knowledge of
15 Plaintiff's copyright in the design, and, despite this knowledge, chose to knock it
16 off, making small modifications to the design in an attempt to disguise its piracy.
17 Maximum statutory damages are proper for invasions of copyright as they vindicate
18 the statutory policy of discouraging infringement.  F.W. Woolworth Co. v.
19 Contemporary Arts, Inc., 334 U.S. 228, 233 (1952).  The Court may impose
20 statutory damages, even when there is no malicious or "willful" intent to infringe, in
21 order to discourage wrongful conduct.  Kamar International v. Russ Berrie & Co.,
22 829 F.2d 783, 768 (9th Cir. 1987); See also Woolworth, 344 U.S. at 233. Nothing
23 less than the statutory maximum of $150,000.00 is proper here to deter future
24 infringement of this nature by Unicolors. 17 U.S.C. 504(c)(1).
25         Plaintiff will prove that Target was also willful in its infringement, as
26 follows. Plaintiff issued a cease and desist demand to Target in December of 2005.
27 This cease and desist demand was deposited in the mail on that date as confirmed
28 by the registered receipt of mailing. The letter was never returned and is presumed

delivered. Despite receipt of the cease and desist demand, Target continued to purchase and sell the infringing garments for at least three more months. Continuing the sales of garments after receipt of notice of infringement constitutes willful infringement. <u>Dolman v. Agee</u> 157 F.3d 708, 711, 715 (9th Cir. 1998).

In <u>Dolman</u>, the defendant's attorney indicated that the defendant's rights as to the works at issue were "a mess" in light of the notice of infringement it received. Despite this notice, and the "mess," the defendant continued to sell the infringing product. The Court found Defendant's conduct to be willful infringement. Like in <u>Dolman</u>, Target received Plaintiff's demand, which included compelling evidence of the infringement, yet continued to sell the infringing goods. Plaintiff will seek actual damages as to Target in the form of disgorgeable profits. Willful infringers are not allowed to deduct overhead from this profit number. <u>Jarvis v. A & M Records</u>, 827 F. Supp. 282 (D.N.J. 1993).

      C.    <u>Plaintiff will Seek its Actual Damages and Infringer's Profits.</u>

Plaintiff is entitled to its actual damages as well as the profits of the infringing parties. The owner of an infringed copyright is entitled to recover two types of damages: 1. the actual damages suffered by him or her as a result of the infringement, and 2. any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). Plaintiff has established that an award of Target and Topson's profits is justified.

1. Actual Damages:

Plaintiff should recover the actual damages it suffered as a result of the infringement. 17 U.S.C. § 504(b). Here, Topson purchased tens of thousands of yards of fabric bearing the infringing design from Korea. Had Topson purchased the fabric directly from Plaintiff, instead of violating Plaintiff's rights by having the

3

1  fabric created overseas, Plaintiff would have realized substantial profits. The
2  decision made by Topson to purchase the fabric from overseas denied Plaintiff
3  these rightful sales. As such, Plaintiff is entitled to recover damages in the amount
4  of its lost profits, to be established at time of trial.
5  2. Infringer's Profits:
6       Plaintiff is also entitled to recover the profits of Target and Topson. In
7  establishing the infringer's profits, the copyright owner is required to present proof
8  only of the infringer's gross revenue, and the infringer is required to prove his or her
9  deductible expenses and the elements of profit attributable to factors other than the
10 copyrighted work. 17 U.S.C. § 504(b).  Where there is a commingling of gains, it is
11 the burden of the copyright infringer to prove the separation of the profits and what
12 portion of total profits is attributable to non-infringing elements. Sheldon v. Metro-
13 Goldwyn Pictures Corp., 309 U.S. 390, 406 (1940).  If infringed portions are so
14 suffused and intertwined with non-infringing portions as to render an
15 apportionment impossible no apportionment is appropriate. Business Trends
16 Analysts, Inc. v. Freedonia Group, Inc., 887 F.2d 399, 407 (2nd Cir. 1989); see also
17 Belford v. Scribner, 144 U.S. 488, 508 (1892).  In Sheldon, the infringer's of a film
18 script were not allowed to attribute their profits to their "standing and reputation in
19 the industry." Id. at 407.
20      Here, Plaintiff's investigation reveals that Target has sold over a hundred
21 thousand Subject Garments, purchasing the entirety from Topson. Hamil Am., Inc.
22 v. GFI, Inc. articulates a two-step procedure for deducting overhead expenses from
23 an infringer's profits.  193 F.3d 92, 105 (2nd Cir. 1999); cert denied, 528 US 1160
24 (2000).  The first step is to establish a sufficient nexus between a category of
25 overhead and the production or sale of the infringing product. Id.  The second step
26 is to arrive at a "fair, accurate, and practical method" of allocating the implicated
27 overhead to the infringement. Id.  The infringer has the burden of offering the
28 formula for allocating a given portion of overhead to the particular infringing items

1  in issue. Id. The Court should give extra scrutiny to the categories of overhead
2  expenses claimed by the willful infringer to insure that each category is directly and
3  validly connected to the sale and production of the infringing product. See Kamar,
4  344 U.S. at 1332.  Unless a strong nexus is established, the court should not permit
5  a deduction for the overhead category.  Id. It the infringement is found to be willful,
6  disgorgeable profits will not be reduced to reflect the defendant's expenses for
7  income taxes and overhead costs. In Design v. K-Mart Apparel Corp., 13 F.3d 559,
8  565-66 (2nd Cir. 1994). Target and Topson have provided no evidence to prove
9  deductible expenses pursuant to 17 U.S.C. § 504(b), and provided no evidence that
10 a portion of the profits from the sale of garments were attributable to factors other
11 than the copyrighted pattern. As such, the totality of the proceeds they realized from
12 sales of the goods at issue should be awarded to Plaintiff.
13      Additionally, willful infringers may not deduct taxes in calculating their
14 profits Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488 (9th Cir. 2000); cert.
15 denied, 531 U.S. 1126 (2001).  The Court should not allow Topson or Target a
16 deduction for their income taxes because the infringement was not committed in
17 good faith nor under a justified claim that plaintiff's copyright was invalid. Alfred
18 Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99, 106 (2nd Cir. 1951).
19
20      D.    Plaintiff is entitled to Costs and Attorneys' Fees.
21      Plaintiff also intends to recover its fees and costs. Section 505 of the
22 Copyright Act specifically authorizes an award of attorneys' fees to the prevailing
23 party as part of the costs. 17 U.S.C. 505. A number of factors are considered in
24 assessing fees and costs, including: "(1) the degree of success of obtained, (2)
25 frivolousness, (3) motivation, (4) the objective unreasonableness of the losing
26 party's factual and legal arguments, and (5) the need, in particular circumstances, to
27 advance considerations of compensation deterrence." Entertainment Research
28 Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir. 1997),

*cert denied* 523 U.S. 1021 (1998). All of these factors militate in favor of an award of costs and attorneys' fees to Plaintiff: (1) Plaintiff has been successful in pursuing its claims, as the Court has entered summary judgment on liability against all Defendants; (2) Defendants have asserted, and actively pursued, a number of frivolous defenses; (3) Plaintiff's motivation was positive in that it sought to protect its proprietary designs; Defendants' motivation was poor, in that it sought to delay the resolution of this matter and drive up costs and fees; (4) It is clear from the ruling on summary judgment that Defendants' factual and legal arguments were of no merit; and (5) these Defendants, and in particular Unicolors, need a strong deterrent given that they are all repeat infringers of Plaintiff's copyrighted designs. Unicolors, a direct competitor of Plaintiff, has misappropriated numerous of Plaintiff's designs, and, as in this case, it often attempts to modify them slightly in an attempt to avoid detection. This must be stopped. A finding of willfulness is certainly not required to justify an award of attorney's fees. See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 560 (9th Cir. 1997) (upholding award of $1.3 million in attorneys' fees to prevailing party). However, a finding of willful infringement is generally held to support an award of attorneys' fees. A&M Records, Inc. v. General Audio Videocassettes, Inc., 948 F.Supp 1449, 1460 (C.D. Cal. 1996). In this case, willfulness has been summarily found on the part of Unicolors. As such, attorneys' fees should be awarded.

    E.    Conclusion.

Plaintiff hereby submits the foregoing Memorandum of Contentions of Fact & Law.

Respectfully submitted,

Date: June 2, 2008        By: /S/ Scott A. Burroughs
Scott A. Burroughs, Esq.
DONIGER LAW FIRM APC
Attorneys For Plaintiff

6