Jury Instruction No. _____
Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
**DONIGER LAW FIRM APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
e-mail: scott@donigerlawfirm.com


Attorneys for Plaintiff
L.A. PRINTEX INDUSTRIES, INC.


## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation, Plaintiff, <br><br> vs. <br><br> TARGET CORP., a Minnesota Corporation; et al., Defendants. | Case No. CV06-5179 RSWL (JCx) <br> _Honorable Ronald S. W. Lew Presiding_ <br><br> PARTIES' AGREED-UPON [PROPOSED]  JURY INSTRUCTIONS <br><br><br> Final Pre-trial Conference: May 11, 2008 <br><br> Trial Date: July 1, 2008 |

Jury Instruction No. _____

## 1.1A  DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

 You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.1A (2007)

Modification: None.

Jury Instruction No. _____

## 1.1B  DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.1B (2007)

Modification: None.

Jury Instruction No. _____

### 1.1C  DUTY OF JURY (COURT READS AND PROVIDES
### WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.1C (2007)

Modification: None.

Jury Instruction No. _____

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Court has already found the Defendants Target Corp., Topson Downs of California, Inc., and Unicolors, Inc.  guilty of infringement, and Defendant Unicolors guilty of willful infringement. The claims left for you to decide is whether Target Corp. and Topson Downs of California, Inc. are also guilty of willfully infringing Plaintiff's rights. The plaintiff has the burden of proving these claims.

The defendant denies those claims and contends that Target Corp. and Topson Downs of California, Inc. are not willful. The defendant has the burden of proof on these affirmative defenses.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.2 (2007)

Modification: Yes (Brackets removed).

Jury Instruction No. _____

### 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.3 (2007)

Modification: Yes (Brackets removed).

Jury Instruction No. _____

### 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all defendants.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.5 (2007)

Modification: Yes (Brackets removed).

Jury Instruction No. _____

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.6 (2007)

Modification: None.

Jury Instruction No. _____

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.7 (2007)

Modification: Yes (Brackets removed).

Jury Instruction No. _____

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.8 (2007)

Modification:Yes (Text deleted: [The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]).

Jury Instruction No. _____

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.9 (2007)

Modification: None.

Jury Instruction No. _____

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.10 (2007)

Modification: None.

Jury Instruction No. _____

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.11 (2007)

Modification: None.

Jury Instruction No. _____

### 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.12 (2007)

Modification: None.

Jury Instruction No. _____

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.13 (2007)

Modification: None.

Jury Instruction No. _____

### 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.14 (2007)

Modification: None.

Jury Instruction No. _____

## 1.16  JURY TO BE GUIDED BY OFFICIAL ENGLISH
## TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court [interpreters] [translators]. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the English [interpretation] [translation]. You must disregard any different meaning.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.16 (2007)

Modification: Yes (Text added: Korean).

Jury Instruction No. _____

### 1.17  USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.17 (2007)

Modification: None.

Jury Instruction No. _____

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.18 (2007)

Modification: None.

Jury Instruction No. _____

## 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 1.19 (2007)

Modification: Yes (Defendant made plural).

Jury Instruction No. _____

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.2 (2007)

Modification: None.

Jury Instruction No. _____

## 2.3  JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.3 (2007)

Modification: None.

Jury Instruction No. _____

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of Nader Pazirandeh was taken on January 30, 2008.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.4 (2007)

Modification: Yes.  Name of deponent and date of depositions added. Brackets removed.

Jury Instruction No. _____

## 2.7  FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.7 (2007)

Modification: Yes (Brackets removed- "Korean" inserted).

Jury Instruction No. _____

## 2.8 IMPEACHMENT EVIDENCE—WITNESS

     The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.8 (2007)

Modification: None.

Jury Instruction No. _____

## 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.10 (2007)

Modification: None.

Jury Instruction No. _____

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.12 (2007)

Modification: None.

Jury Instruction No. _____

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 2.13 (2007)

Modification: None.

Jury Instruction No. _____

### 3.1  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 3.1 (2007)

Modification: None.

Jury Instruction No. _____

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 3.2 (2007)

Modification: None.

30

Jury Instruction No. _____

### 3.3  RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 3.3 (2007)

Modification: None.

Jury Instruction No. _____

### 3.5  DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 3.5 (2007)

Modification: None.


### 4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 4.1 (2007)

Modification: None.

Jury Instruction No. _____

**4.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

      Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 4.2 (2007)

Modification: None.

Jury Instruction No. _____

## 4.4 AGENT AND PRINCIPAL—DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 4.4 (2007)

Modification: Yes. Brackets Removed.

Jury Instruction No. _____

## 4.5 AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 4.5 (2007)

Modification: No.

Jury Instruction No. _____

**4.6 ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 4.6 (2007)

Modification: None.

Jury Instruction No. _____

## 17.0 PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, **L.A. PRINTEX INDUSTRIES, INC**., the owner of a copyright, seeks damages against the defendants **Target Corporation., Topson Downs, Inc. and Unicolors, Inc.** for copyright infringement. The defendants deny infringing the copyright and contend that the copyright is invalid. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyright able subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF HAS BEEN SATISFIED

Plaintiff has already proven to the satisfaction of this Court, that Plaintiff owns a valid copyright and that the Defendants' infringed Plaintiff's copyrighted design.

Jury Instruction No. _____

## LIABILITY FOR INFRINGEMENT

One who reproduces, or prepares derivative works from or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.0 (2007)

Modification:   Yes [Removed irrelevant passages]

Jury Instruction No. _____

### 17.1 COPYRIGHT—DEFINED
### (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work.

(2) recast, transform, adapt the work, or prepare derivative or modified works based upon the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership;

(4) display publicly a copyrighted pictorial or graphic work;

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work or an assignee. In general, copyright law protects against production, adaptation, distribution, display, purchase or sales of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.1 (2007)

Modification:   Yes

Jury Instruction No. _____

## 17.22 COPYRIGHT—DAMAGES (17 U.S.C. § 504)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement.  In addition, the plaintiff is also entitled to recover any profit of the defendant attributable to the infringement.   The plaintiff must prove damages by a preponderance of the evidence.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.22 (2007)

Modification:   No

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.25 (2007); <u>F.W. Woolworth Co. v. Contemporary Arts, Inc</u>., 334 U.S. 228, 233 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement.)

Modification:       Yes  [¶ 5].

**Deleted:** ..................................